590 F.2d 573
 Dale E. JAMES, Jerry A. James, and Shirley A. James, by
their mother and next friend Anna Virginia Toulson, Anna
Virginia Toulson, Jeffrey D. James and William R. James, in
their own rights, and on behalf of all others similarly
situated, Appellants,
v.
Joseph A. CALIFANO, Jr., Secretary of Health, Education and
Welfare, Appellee.
 No. 77-2264.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 4, 1978.
Decided Jan. 19, 1979.
 
 Robert R. Rodecker, Charleston, W. Va., for appellants.
 Robert M. Rader, Dept. of Justice, Washington, D. C. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Robert B. King, U. S. Atty., Charleston, W. Va., William B. Kanter, Dept. of Justice, Washington, D. C., on brief), for appellee.
 Before BRYAN, Senior Circuit Judge, and WIDENER and PHILLIPS, Circuit Judges.
 BRYAN, Senior Circuit Judge:
 
 
 1
 Five acknowledged, illegitimate children of a deceased coal miner, along with their mother, dispute the constitutionality of the Federal Coal Mine Health and Safety Act of 1969, as amended in 1972, (the Act) 30 U.S.C. § 901 Et seq. They contend that § 922(a)(3) of the Act violates the due process guarantees of the Fifth Amendment by frustrating the intent of Congress to provide for the dependents of miners, in that, it requires children of a miner to be dependent upon the miner's widow in order to benefit from the Act.[1] This stipulation, aver plaintiffs, unconstitutionally discriminates against children who were dependent upon the miner but have no relationship to his widow.
 
 
 2
 The District Court gave summary judgment for the Secretary of Health, Education and Welfare, concluding that the challenged section is both rational and within the constitutional power of Congress to enact. On claimants' appeal, we affirm.
 
 
 3
 In June 1970, Tom Carter, when applying for black lung benefits under the Act, acknowledged the five James children as his off-spring and dependents. He died two months later, leaving a widow, Pauline Carter, from whom he had become estranged, as well as his illegitimate children. Since their father had been totally disabled by pneumoconiosis, the children received black lung benefits, but only for the last two months of their father's life. Thereafter, the widow became the sole qualified beneficiary. As long as the miner's widow remains eligible to receive benefits, the children of the miner, in their own right, may not. Supra note 1. After the death of both the miner and his wife, however, the children will be entitled to payments. Presently unable to establish dependency on the widow, the James children no longer receive the stipend previously theirs. This deprivation prompted them to attack the scheme of qualification for survivor's benefits.
 
 
 4
 Appellants contend that establishing dependency upon the widow as a prerequisite to receiving benefits under the Act defeats the Congressional purpose of providing for the "surviving dependents of miners,"[2] thus prejudicing them because they are illegitimate and not dependent on their father's widow.
 
 
 5
 In establishing a scheme to compensate the family of a miner for its suffering, Congress permissibly exercised its judgment to pronounce a general rule that is easily administered and does not require case-by-case determination. See Califano v. Jobst, 434 U.S. 47, 56-57, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977). That the statute may not treat children who were dependent only on the parent disabled by mining in the same way it treats children dependent on both parents, or only on the widow, does not constitute a violation of due process. Congress could rationally have assumed that those who are dependent on the miner's widow are those who were likely to have shared in the miner's suffering and probably were also his dependents.
 
 
 6
 Mathews v. De Castro, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976) states the general standard applicable to a constitutional attack of a statute that provides for the general public welfare:
 
 
 7
 "The discretion belongs to Congress, unless the choice is clearly wrong, a display of arbitrary power, not an exercise of judgment." Helvering v. Davis, 301 U.S. 619, 640, 57 S.Ct. 904, 81 L.Ed. 1307. In enacting legislation of this kind a government does not deny equal protection "merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' " Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491.
 
 
 8
 The decision of the District Court will not be disturbed.
 
 
 9
 Affirmed.
 
 
 
 [1]
 The statute, 30 U.S.C. § 922(a)(3), as pertinent declares that "no entitlement to benefits as a child shall be established under this paragraph (3) for any month for which entitlement to benefits as a widow is established . . . ."
 
 
 [2]
 30 U.S.C. § 901. See Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). The Act is designed to compensate the miner and his dependents for the suffering they experienced as a result of the miner's pneumoconiosis. Id. at 25, 96 S.Ct. 2882